## APPEAL OF KLEEMAN DRY GOODS CO.

Docket No. 2874.   Submitted May 13, 1925.   Decided July 15, 1925.

1. An inventory value obtained by striking an arbitrary percentage off costs in each department of a dry goods store, such percentage representing estimated deterioration of the merchandise, is not an inventory at "market."

2. Items in an account termed a reserve on the taxpayer's books, *held*, on the evidence, to be liabilities incurred and accrued during the taxable period and, therefore, proper deductions.

*Benjamin Mahler, Esq.*, and *Isadore Schlanger, C. P. A.*, for the taxpayer.

*J. Arthur Adams, Esq.*, for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

The errors alleged in this appeal are: (1) The Commissioner's refusal to accept the taxpayer's inventory method because it does not

represent "cost" or "cost or market"; and (2) the restoration to income of certain items of expense accrued on the taxpayer's books, which accruals the Commissioner alleges to be reserves. From the pleadings, testimony, and documentary evidence the Board makes the following

### FINDINGS OF FACT.

The taxpayer is an Indiana corporation engaged in the retail dry goods business, with its principal place of business at Terre Haute.

The deficiency letter appealed from is dated February 9, 1925, and asserts a deficiency in income and excess profits taxes for the fiscal year ended January 31, 1920, in the amount of $6,777.31.

The taxpayer's store contained over forty departments. In taking its yearly inventory the clerks, storekeepers, and department heads would list each item at cost. Subsequently the president and secretary of the company, men with long experience in the trade, would take the sheets of each department and personally examine the goods listed thereon. The object of their examination was to determine the extent of deterioration through handling of the goods by clerks and customers, the depreciation through changes in style, etc. A general percentage of deterioration for each department was then estimated by these two men and the inventory of that department marked down accordingly. The percentages used during the fiscal year involved ran from 2 per cent to 15 per cent. This percentage method of reducing inventories resulted in reductions of $11,965.27 at January 31, 1919, and $23,677.03 at January 31, 1920.

The deteriorated goods were not separated from the general stock, but the clerks were instructed to push them, and a special effort to dispose of them was made at a sale conducted shortly after the inventory.

The taxpayer's books were kept on an accrual basis and for a fiscal year ended January 31, 1920.

At January 31, 1920, four items were accrued on the taxpayer's books in an account termed "reserve."

The first of these items, termed "general expense," was an accrual of expenses incurred during January, 1920, for gas, water, telephone, electric light, and power. Such items were regularly accrued at the end of each month, to be paid usually in the succeeding month.

The second item accrued was termed "special expenses." This represented commissions paid employees on sales. These commissions, amounting to about 1 per cent on sales, were paid semiannually, except in the case of one employee, who was paid his commissions annually. The accruals in this account at January 31, 1920, represented commissions earned by employees during the six months' period preceding that date, except in the case of one employee, whose commissions for the entire preceding year were involved.

The third contested item is termed " advertising." The taxpayer had contracts for the use of a minimum number of inches of newspaper advertising per month, but this minimum was always exceeded. The amount accrued at January 31, 1920, was determined by measuring the actual number of inches used during January, 1920.

The taxpayer concedes that the fourth item is not a proper accrual.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

IVINS: The taxpayer's inventory method produces a result which is neither cost nor cost or market, but simply an estimate of the sale value of the entire stock of merchandise on hand. It was testified that in inspecting the merchandise the officials would find articles which in their opinion had deteriorated fully 50 per cent in value, and perhaps in the same department other items which had maintained full value. Yet items of the two classes mentioned, and all other merchandise in that department, were regarded as one lot, and a general average, running from 2 per cent to 15 per cent, was stricken off cost.

We are not persuaded that the depreciated value (based on cost) of the taxpayer's inventory as determined by the method above discussed represented market, as the taxpayer contends, and therefore the Commissioner's determination on that point is approved.

The three accruals detailed in the findings represent liabilities actually incurred during the taxable period, and the taxpayer's misnomer of them as reserves can not affect their true character. These items were incurred, and properly accrued at January 31, 1920, and the taxpayer may deduct them from income for the taxable period ending on that date.